FILED

-PSO-

2007 JUN 13  AM 11: 25

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NATHANIEL MOSS, 070083,

               Plaintiff,

      -v-

INVESTIGATOR JACQUELINE C. FALKEY,
THE ONTARIO COUNTY SHERIFF'S
DEPARTMENT,
POLICE OFFICER VALENTI of the Geneva
Police Department, and
THE GENEVA POLICE DEPARTMENT,

               Defendants.

_____

07-CV-6065L(Fe)

MEMORANDUM and ORDER

## INTRODUCTION

Plaintiff, Nathaniel Moss, an inmate of the Ontario County Jail, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants – the Ontario County Sheriff's Department and Investigator Jacqueline C. Falkey, together with the Geneva Police Department and Police Officer Valenti, violated his rights.  He claims that they has subjected him to excessive harassment and unlawful detention in violation of the Eighth and Fourteenth Amendments. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## PLAINTIFF'S ALLEGATIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Plaintiff alleges that defendants have harassed him since his release from state prison. He asserts that, every twenty days or so, Officer Valenti and Investigator Falkey accuse him of failing to register as a sex offender. As a result, warrants are issued, and plaintiff's life is interrupted. He claims that the harassment continued despite the numerous times that plaintiff has registered.

Nevertheless, the complaint is unclear. Plaintiff does not clearly state when the complained-of events occurred and does not explain what happened as a result of the accusations. Additionally, he refers to exhibits that demonstrate his registry, but has not attached the exhibits to the complaint. Plaintiff indicates that he relocated to Garner, North Carolina on November 30, 2006 and returned January 10, 2007, but does not provide any other dates relating to the actions of defendants. Finally, although plaintiff alleges that he was placed in jail because he was accused of failing to register, he later indicates that Investigator Falkey arrested him for failure to pay a fine. Thus, the complaint does not adequately make clear what plaintiff is claiming against each of his defendants.

2

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis.* Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed unless plaintiff files an amended complaint as directed below.

"When considering the sufficiency of a pro se complaint, we 'must construe it liberally, applying less stringent standards than when a plaintiff is represented by counsel.'" *Branham v. Meacham*, 77 F.3d 626, 628-29 (2d Cir. 1996) (quoting *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983)). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under Rule 8(a)(2), the complaint "should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "When a complaint fails to comply with these requirements, the district court has the power, on

3

motion or *sua sponte*, to dismiss the complaint ...." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). "When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8." *Salahuddin*, at 42. *See also Simmons*, 49 F.3d at 87.

Here, plaintiff's complaint fails to provide adequate notice to the defendants of the nature of his claims, and time period during which plaintiff alleges the violations occurred. He needs to clarify whether he is claiming that he was subjected to one or more than one allegedly unlawful arrest, and under what circumstances. In short, the complaint fails to demonstrate that plaintiff is entitled to relief from these defendants. However, the Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

In amending, plaintiff is advised to consider the following discussion of legal issues that may impact on his claims and/or pleadings. First, plaintiff names two municipal departments as defendants, the Ontario County Sheriff's Department and the Geneva City Police Department. "A police department is an administrative arm of the municipal corporation." *Id.* (citing *Loria v. Town of Irondequoit*, 775 F.Supp. 599, 606 (W.D.N.Y.1990)) (other citation omitted). Therefore, "[a] police department cannot sue or be sued because it does not exist separate and apart from the municipality and does not

4

have its own legal identity." *Id.* (citations omitted) (holding that the county sheriff's department was an administrative arm of the county and that the claims against the county sheriff's department were redundant of the claims against the county).

Further, while municipalities are considered "persons" for purposes of 42 U.S.C. § 1983, a local government may not be held liable under § 1983 *unless* the challenged action was performed pursuant to a municipal policy or custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). Municipalities are not subject to § 1983 liability solely on the basis of a *respondeat superior* theory. *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992); *Monell*, 436 U.S. at 694. Thus, to set forth a claim against either municipality in this § 1983 action, plaintiff is required to plead three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); *see Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy.").

Additionally, for each defendant, plaintiff must establish personal involvement, in acting or failing to act, caused the alleged constitutional deprivation. Personal involvement of a defendant in the alleged constitutional deprivation is a prerequisite to an award of damages under § 1983. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). Such involvement on the part of a

supervisory official may be shown in one of several ways:  (1) direct participation in the alleged unconstitutional conduct; (2) failure to remedy the wrong after learning of the violation; (3) creation of a policy or custom under which unconstitutional practices occurred or allowance of the continuance of such a policy or custom; and (4) gross negligence in managing subordinates who caused the unlawful condition or event. *Sealey*, 116 F.3d at 51; *William v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

In amending each of his claims, plaintiff needs to provide specific allegations about the actions of each defendant.  He needs to include what he claims each defendant did or did not do, when the complained-of event occurred, where, and what harm he suffered as a result of the defendant's actions.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted.  For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **July 20, 2007** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to *completely replace* the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants

6

against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B).  *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **July 20, 2007**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **July 20, 2007**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **July 20, 2007**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **July 20, 2007**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

DATED:    Buffalo, New York
          June 8        , 2007

                                          John T. Elfvin
                              _____
                                   JOHN T. ELFVIN
                              UNITED STATES DISTRICT JUDGE